JOHN L. JOHNSON, Appellee, v. L. A. KNUDTSON, Appellant.

**Evidence:** BURDEN OF PROOF: INSTRUCTIONS TO JURY.

*Appeal from Worth District Court.*—HON. JOHN C. SHERWIN, Judge.

FRIDAY, MAY 22, 1891.

ACTION at law to recover damages for the alleged wrongful conversion of three horses, one set of double harness and a calf. There was a trial by jury, and a verdict and judgment for the plaintiff for one hundred and twenty-six dollars. The defendant appeals—*Affirmed.*

*Pickering & Hartley,* for appellant.

*L. S. Butler,* for appellee.

ROTHROCK, J.—The petition is in the ordinary form of action for the wrongful conversion of personal property. An amendment to the petition was filed claiming a small amount for work and labor performed by plaintiff for the defendant. The original answer in the case is a general denial, and a counterclaim for certain items of account claimed to be due from the plaintiff to the defendant. The only matter now in controversy is the respective claims of the parties to the horses, harness and calf described in the original petition; the other matters of claim demand no special consideration.

The defendant amended his answer, and put his defense in two counts. The first count was, in substance, that he had bought the property of the plaintiff for about one hundred and seventy-five dollars in cash, and that the plaintiff gave him an absolute bill of sale thereof in writing, and that he took the property into his possession as the absolute owner. By the second count of the amended answer the claim was made that the property in controversy had been mortgaged to one Peterson, and that on or about the seventh day of April, 1887, an oral agreement was made between plaintiff and defendant by which the defendant paid the debt to Peterson, and took possession of the property, and was to hold and use the same as his own, and as absolute owner thereof, from that date, except that the plaintiff had the right to redeem the same; provided that such right of redemption should be exercised before June 1, 1887, by repaying the defendant the amount paid by him to Peterson, with interest at ten per cent., and a reasonable amount for the care and keeping of said property by the defendant. That time was to be of the essence of said contract, and that the plaintiff entirely failed to redeem said property. That after the said contract was made, and the property delivered to the defendant, the plaintiff authorized the defendant to make sale of the same, or any part thereof, at fair and reasonable prices, and apply the proceeds thereof in payment of the debt due to the defendant from the plaintiff; and that defendant in January and February, 1888, sold two of said horses for the aggregate sum of two hundred and eleven dollars, and applied the same on the amount due him, but that it was insufficient to pay the full amount due the defendant. That the residue of said property was still in the possession of the defendant at the commencement of this suit. And for a further answer, and by way of counterclaim, the defendant demanded judgment against the plaintiff in the sum of one hundred and sixty-eight dollars for defendant's time, trouble and expense in keeping and caring for said property.

The bill of sale referred to in the answer was attached thereto as an exhibit. It is in form an absolute sale of the property. The plaintiff, by reply to the amendment to the answer, admitted the execution

of the bill of sale, and averred that it was given solely as security to the defendant for the payment by plaintiff to the defendant of the sum of one hundred and seventy-one dollars and fifty cents, and for no other purpose ; and that the defendant afterwards denied any right of the plaintiff in said property, and converted the same to his own use, and is not entitled to anything for keeping said property after June 15 or 20, 1887 ; and that the reasonable value of keeping said property, up to the time of said wrongful conversion, did not exceed the sum of fifteen dollars.

We have stated the issues somewhat in detail, for the reason that counsel for the appellant claims that the court erred in refusing to instruct the jury that the burden was on the plaintiff to prove that the bill of sale was intended only as a mortgage, and in instructing the jury as follows : " The burden of proof is on the defendant to prove a sale of the property to him, and to prove the allegations of his counterclaim, which are denied by a preponderance of the evidence." The appellant has not presented any of the evidence introduced upon the trial. The statement is made in the abstract, that the plaintiff testified as a witness "that he made the bill of sale set out in the answer. and that the property therein described was the same as that claimed for in his petition." And that the defendant testified as a witness "that plaintiff made him the bill of sale set out in the answer, and the property therein described was the same as that claimed for in the petition." This is followed by a statement in these words : " There is no evidence contradicting any of these statements, but the parties disagreed in their testimony as to the purpose of the bill of sale when made." That part of the instruction above set out which requires the defendant to prove such of his counterclaims as are denied is unquestionably correct ; and the statement that the burden was on the defendant to prove the sale of the property to him worked no prejudice to him, — it was error without prejudice. The sale was not denied. It was conceded that the bill of sale was signed and delivered. An instruction requiring the defendant to prove that fact was without prejudice, because it is recited in the abstract that both the plaintiff and defendant testified as witnesses that such was the fact.

The only matter in dispute was the conditions of the sale. It is stated in the abstract that the parties " disagreed in their testimony as to the purpose of the bill of sale." It does not appear that the defendant made any claim in his testimony that the sale was absolute. It is fair to presume that he admitted the condition, at least so far as he set it up in one of the counts of the answer above referred to. If so, we are not prepared to say that the court erred in refusing to instruct the jury that the burden was on the plaintiff to show that the sale was conditional.

The court instructed the jury quite fully upon different features of the case, which, in the absence of the evidence in the record before us, we must presume was fully justified by the evidence. If

the jury were warranted from the evidence in finding certain facts set out in the instructions, the verdict and judgment are a most righteous conclusion to this litigation. The appellee filed an additional abstract, in which some of the evidence is set out. This evidence shows that the defendant evidently intended to appropriate this property to his own use without any other consideration than the debt, by refusing to sell the same to purchasers secured by the plaintiff, and by otherwise attempting to defeat the conditions upon which he held the property. If we had the evidence in the record, it may be that there was error in the instructions, but, as we have said, presuming, as we must, that the instructions are founded upon proper evidence, we discover no prejudicial error in the case; and for this reason we do not regard it as proper or necessary to consider other errors complained of in detail. This disposition of the case renders it unnecessary to determine the motion of the appellee to affirm because of defects in the record.

The judgment of the district court is AFFIRMED.